IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHHUSETTS

| | |
|---|---|
| DONALD D. VENTRICE, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIAD PHARMACEUTICALS, INC., GEORGE W. BICKERSTAFF, III, ALEXANDER J. DENNER, JULES HAIMOVITZ, PARIS PANAYIOTOPOULOS, ANNA PROTOPAPAS, NORBERT G. RIEDEL, SARAH J. SCHLESINGER, TAKEDA PHARMACEUTICAL COMPANY LIMITED, and KIKU MERGER CO., INC.,<br><br>Defendants. | Case No. 1:17-cv-10151-DJC |

## STIPULATION OF DISMISSAL AND [PROPOSED] ORDER

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of ARIAD Pharmaceuticals, Inc. ("ARIAD") by Takeda Pharmaceutical Company Limited ("Parent") and its wholly-owned subsidiary, Kiku Merger Sub Company, Inc. ("Merger Sub," and together with Parent, "Takeda") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around January 8, 2017 (the "Transaction");

WHEREAS, the Action asserted claims for violations of sections 14(d), 14(e) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in ARIAD's Solicitation Statement (the "Solicitation Statement") filed with the SEC on or around January 19, 2017;

WHEREAS, February 7, 2017, ARIAD filed an amendment to the Solicitation Statement with the SEC that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement (the "Supplemental Disclosures");

WHEREAS, it is the current intention of counsel for Plaintiff to submit an application seeking an award of mootness fees (the "Fee Application") in connection with the mooted claims if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this 27th day of February, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if that becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: February 22, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Dr.,
Suite 3112
Berwyn, PA 19312
484-324-6800

**MATORIN LAW OFFICE, LLC**

/s/ Mitchell J. Matorin
Mitchell J. Matorin (BBO # 649304)
18 Grove Street, Suite 5
Wellesley, MA 02482
(781) 453-0100

*Attorneys for Plaintiffs Donald D. Ventrice, Jr.*

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

3

|  |  |
|---|---|
| **OF COUNSEL:**<br><br>**PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP**<br>Daniel J. Toal<br>Geoffrey Chepiga<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000 | /s/ Daniel W. Halston /by Mitchell J. Matorin<br>Daniel W. Halston (BBO #548692)<br>Michael G. Bongiorno (BBO #558748)<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br><br>*Attorneys for Defendant ARIAD*<br>*Pharmaceuticals, Inc.* |

IT IS SO ORDERED this 27th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

4

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2017.

/s/ Mitchell J. Matorin

5